UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DALE HOWARD, as Personal Representative of the Estate of KIMBERLY NOVAK HOWARD, Decedent, and DALE HOWARD, Individually, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 12-11153-DPW |
| v. | ) ) | |
| GENENTECH, INC., GENENTECH USA, INC., and BIOGEN IDEC, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER
February 21, 2013

On June 22, 2012, Dale Howard, a Minnesota citizen, filed

suit in Massachusetts Superior Court claiming that Genentech,

Inc. and Genentech USA ("Genentech"), California citizens, and

Biogen IDEC, Inc. ("Biogen"), a citizen of Massachusetts, caused

the wrongful death of the decedent.  Genentech, asserting

diversity jurisdiction, removed the case to this court on June

27, 2012, before any defendant had been served.

For the reasons set forth more fully in the Memorandum and

Order issued today in *Gentile* v. *Biogen IDEC, Inc.*, No. 11-11752

(D. Mass. Feb. 21, 2013) (slip op.), attached hereto as Exhibit

"A," I have concluded 28 U.S.C. § 1441(b) did not permit removal

1

by Genentech prior to service on any defendant.  Remand is therefore appropriate.

There is one additional wrinkle to this case not found in *Gentile*.  Here, following removal of the action by Genentech, plaintiff served non-forum defendant Genentech on July 17, 2012, and then served forum defendant Biogen on July 24, 2012.  Plaintiff thereafter filed his motion to remand on July 27, 2012.

In *Gentile*, I concluded that 28 U.S.C. § 1441(b) permits removal by a non-forum defendant despite the presence of a forum defendant named in the complaint, as long as the non-forum defendant has been served and removes the case prior to service on the forum defendant.  In other words, to eliminate frustration by removal of their initial choice of a state forum in a case involving forum and non-forum defendants, plaintiffs "face the modest burden of serving [the forum] defendant before any others." *Gentile*, slip op. at 20.

Nonetheless, my opinion in *Gentile* makes clear that removal by Genentech would only be proper in this case between July 17 (the date of service on a non-forum defendant, at which point some defendant would have been served and removal would have been proper) and July 27 (the date of service on the forum defendant, at which point removal would have been improper based on the forum defendant rule).  Having already filed a notice of removal on June 27, weeks before *any* party defendant had been served,

however, Genentech chose not to avail itself of the later window plaintiff otherwise might have provided for removal.  This raises the issue of abuse of the forum defendant rule by the non-forum defendant, which a plain reading of section 1441(b) as described in *Gentile* does not permit.  The service of forum defendant Biogen before removal was challenged also assured that the question whether plaintiff engaged in fraudulent joinder could be addressed; but Genentech has not raised the issue of such abuse in this case.

Howard's motion to remand (Dkt. No. 10) is therefore GRANTED.  This case shall be REMANDED to Middlesex Superior Court, where it was originally filed.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

*EXHIBIT "A"*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD GENTILE, as            )
Administrator of the Estate   )
of DIANE GENTILE, Deceased,   )
                              )
            Plaintiff,        )   CIVIL ACTION NO.
                              )   11-11752-DPW
v.                            )
                              )
BIOGEN IDEC, INC., and ELAN   )
PHARMACEUTICALS, INC.,        )
                              )
            Defendants.       )


MEMORANDUM AND ORDER
February 21, 2013

     In this diversity action, Gerald Gentile ("Gentile"), a New

York citizen, as Administrator of the Estate of Diane Gentile

(the "decedent") filed suit in Massachusetts Superior Court

claiming that Biogen Idec, Inc. ("Biogen"), a Massachusetts

citizen, and Elan Pharmaceuticals, Inc. ("Elan"), a citizen of

neither New York nor Massachusetts, caused the wrongful death of

the decedent.  Before either defendant was served, Elan--the non-

forum defendant--removed the action to federal court pursuant to

28 U.S.C. § 1441(b).  Elan then moved to transfer venue to the

Western District of New York, while Gentile moved to remand the

case to the Massachusetts state court, contending that Elan's

removal was improper.

     In an electronic order on September 30, 2012, I denied

Gentile's motion to remand as well as Elan's motion to transfer.

On closer examination and after *sua sponte* reconsideration,
however, I have concluded that section 1441(b), by its plain
language, does not permit removal of this non-federal question
case before any defendant has actually been served.  Under the
interpretation I now adopt, removal is improper until at least
one defendant has been served.  A plaintiff thus may preserve its
choice of state forum by serving the forum defendant before any
others.  In this context, I find Elan's race to an alternative
courthouse from that properly chosen by the plaintiff to be in
derogation of historic principles of federal court diversity
jurisdiction.  I will therefore order remand to the state court.

### I.  BACKGROUND

A.  Facts

The decedent, a New York citizen, was diagnosed with
multiple sclerosis in 1981.  In October 2006, the decedent's
doctors prescribed her Tysabri, a drug treatment for MS
manufactured by Biogen in cooperation with Elan.  Biogen is a
Delaware corporation with a principal place of business in
Massachusetts.  Elan is a Delaware corporation with a principal
place of business in California.

While on Tysabri, the decedent contracted Progressive
Multifocal Leukoencephalopathy ("PML"), a typically fatal brain
disease thought to be caused by immunosuppressant drugs like
Tysabri.  She passed away on December 15, 2009, with PML as the

listed cause of death.  Gentile, the decedent's spouse, was named
Administrator of the decedent's estate.

B.  Procedural History

On Friday, September 30, 2011, Gentile filed suit in
Middlesex Superior Court against Biogen and Elan for the wrongful
death of the decedent.  On Tuesday, October 4, 2011, before
either defendant had been served, Elan removed the suit to
federal court pursuant to 28 U.S.C. § 1441(a).  Gentile served
Biogen the next day, on October 5, and Elan the following day, on
October 6.

On October 31, 2011, Gentile moved to remand the case to the
Middlesex Superior Court under 28 U.S.C. §§ 1441(b) and 1447(c).
On November 30, 2011, Elan for its part moved to transfer the
case to the Western District of New York.  After a hearing on the
two motions, the parties filed supplemental briefs directed to
issues raised at the hearing.  I denied both motions by
electronic order on September 30, 2012.  When I informed counsel
at a hearing on February 12, 2013 of my intention to remand, the
parties filed further supplemental briefing, which I have
considered before issuing this Memorandum and Order.

Meanwhile, discovery proceeded after remand was initially
denied on September 30, 2012, and plaintiff sought leave to file
an amended complaint, Dkt. No. 36, to clarify that he brings both
failure to warn and design defect claims against the defendants.

3

At the hearing on February 12, 2013, I allowed the amendment and approved the parties' joint revised scheduling plan, Dkt. No. 40. I also received assurance from counsel that they would adhere to the agreed-upon schedule even in light of the amended complaint. My decision now to remand need have no effect on that schedule in the state court to which this case is remanded, unless, of course, the presiding judicial officer there should, despite the parties' agreement, choose to modify it.

## II.   RAPID REMOVAL PRECLUDES CONSIDERED REMAND

The question presented by Gentile's motion to remand may be summarized as follows: in multi-defendant litigation, may a non-forum defendant remove a case filed in state court--before any defendant has been served--when a properly joined co-defendant is a citizen of the forum state?  The question has deeply divided district courts across the country and appears to be a matter of first impression in this district.

## A.   Legal Background

When a civil lawsuit is brought in state court a defendant may remove the case to the United States District Court for the district where the state case was filed, as long as the case falls within the "original jurisdiction"[1] of the federal court.

---

[1]  Although there are a number of ways a case may fall within the original jurisdiction of the federal courts, this case only implicates one of them, diversity jurisdiction under 28 U.S.C. § 1332.

4

28 U.S.C. § 1441(a).  An important exception to this general rule exists when the removal is based on a federal court's diversity jurisdiction under 28 U.S.C. § 1332(a): such actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).[2]  This is commonly referred to as the "forum defendant" rule.  *See Lively* v. *Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

There are, therefore, two ways by which a plaintiff can challenge a notice of removal.  First, he can assert that the federal court lacks subject matter jurisdiction over the case because it does not come within the "original jurisdiction" of the federal court.  28 U.S.C. § 1441(a).  It is undisputed here, however, that there is complete diversity among the parties such

---

[2]  After this lawsuit was filed, Congress amended section 1441 in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).  The amended version applies to actions commenced on or after January 5, 2012. *See* 28 U.S.C. § 1332 note.  This action having been commenced in September 2011 and removed in October 2011, the amended statute does not apply here.  In any event, the amendments did not materially change the relevant language of the statute, as I discuss in Part II.B.2, *infra*.  *Compare* 28 U.S.C. § 1441(b) (2006) (noting that an action founded on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"), *with* 28 U.S.C. § 1441(b)(2) (2011) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

that this case falls within the diversity subject matter
jurisdiction of this court.  28 U.S.C. § 1332.  Second, a
plaintiff can claim that there was a procedural defect in the
removal.  The forum defendant rule has been held to implicate the
latter type of challenge.  *Farm Constr. Servs., Inc.* v. *Fudge*,
831 F.2d 18, 22 (1st Cir. 1987).

B.  Analysis

     Gentile contended that removal was improper under the forum
defendant rule because Biogen is a citizen of Massachusetts, the
forum state.  Elan countered that because Biogen had not been
"properly joined and served" at the time of removal, the forum
defendant rule was inapplicable.

     I have come to agree with Gentile that removal was improper,
but arrive at that conclusion by a different road.  I conclude
that the plain language of section 1441(b) requires at least one
defendant to have been served before removal can be effected.
This reading is consistent with the purposes of section 1441(b).
Congress almost certainly did not intend to sponsor the sort of
race to the courthouse conducted here to make an end run around
the forum defendant rule.

6

*1.  Treatment by Other District Courts*

District courts are in disarray on the question presented by this case.[3]  Many district courts have found that the "properly joined and served" language in section 1441(b) plainly allows a non-forum defendant to remove a case before service upon a forum defendant.  Those courts disagree, however, as to whether that plain meaning must be followed or whether the result is so obviously contrary to congressional purpose that the bar to removal should nevertheless apply.

Some courts have concluded that the plain meaning of section 1441(b) allows removal by a non-forum defendant prior to service on a forum defendant.  *See e.g., In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477-78 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 WL 1945629, at *3 (N.D. Tex. May 30, 2012); *Regal Stone Ltd.* v. *Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012); *Watanabe* v. *Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *Ripley* v. *Eon Labs, Inc.*, 622 F. Supp. 2d 137, 141-42 (D.N.J.

---

[3]  Likely because remands in this area are not subject to appellate review, there is no circuit court authority directly on point to guide district courts.  Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  *See, e.g.*, *Holmstrom* v. *Peterson*, 492 F.3d 833, 834 (7th Cir. 2007) (circuit court lacked appellate jurisdiction over district court remand order based on forum defendant rule even though forum defendant not yet served).  And after final judgment in a removed case that is not remanded, only the most disappointed and dogged of parties would have sufficient incentive to pursue this threshold issue.

2007). Some have allowed removal even by a forum defendant prior to service. *E.g., Munchel* v. *Wyeth LLC*, No. 12-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012); *Thomson* v. *Novartis Pharms. Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007).

Other courts have looked past such a perceived plain meaning to decline removal by a non-forum defendant prior to service on any defendant generally, *e.g., Snider* v. *Sterling Airways, Inc.*, No. 12-CV-3054, 2013 WL 159813, at *1 (E.D. Pa. Jan. 15, 2013); *Perez* v. *Forest Labs., Inc.*, No. 4:12CV01064, 2012 WL 4811123, at *6 (E.D. Mo. Oct. 10, 2012), and specifically prior to service on a forum defendant, *e.g., Swindell-Filiaggi* v. *CSX Corp.*, No. 12-6962, 2013 WL 489015, at *1 (E.D. Pa. Feb. 8, 2013). Many courts have refused to honor removal in the particularly egregious case of removal *by a forum defendant* prior to service. *E.g., Mass. Mut. Life Ins. Co.* v. *Mozilo*, 2012 U.S. Dist. LEXIS 91478 (C.D. Cal. June 28, 2012); *Ethington* v. *Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008); *Sullivan* v. *Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008); *Holmstrom* v. *Harad*, No. 05 C 2714, 2005 WL 1950672, at *1-2 (N.D. Ill. Aug. 11, 2005). But although these courts have apparently assumed that the plain language of section 1441(b) permits removal in all of the circumstances just described, they nevertheless have

8

arrived at different outcomes due to policy considerations or an effort to prevent "absurd" results.

At least one district court, by contrast, concluded that the text and purpose of section 1441(b) are not necessarily in tension. *See Hawkins* v. *Cottrell*, Inc., 785 F. Supp. 2d 1361 (N.D. Ga. 2011). Where other district courts had focused narrowly on the "properly joined and served" language of section 1441(b) in isolation, in *Hawkins* Judge O'Kelley read that language in context with the rest of the sentence. Section 1441(b) allows removal "only if none of the parties in interest properly joined and served as defendants" were forum defendants. Judge O'Kelley observed that the use of "none" implies that there is at least one defendant that is a party in interest that has been properly joined and served. Without this precondition for removal, the use of "none" would be superfluous. *Hawkins*, 785 F. Supp. 2d at 1369.

Other courts have approached the issue of pre-service removal in a manner consistent with the approach Judge O'Kelley outlined in *Hawkins*. *Cf., e.g.*, *May* v. *Haas*, No. 12-01791-MCE, 2012 WL 4961235, at *2-3 (E.D. Cal. Oct. 16, 2012) (permitting removal by non-forum defendant who had been served and removed action prior to service on forum defendant, but implying that remand would have been appropriate if removal attempted prior to service on any defendant); *Banks v. Kmart Corp.*, No. 12-607, 2012

9

WL 707025, at *2 (E.D. Pa. Mar. 6, 2012) ("plaintiffs' litigation strategy facilitated removal to [federal court] because the plaintiffs served the non-forum defendant several weeks prior to serving the forum defendant in this case").

   2.   *Plain Language*

   I agree with Judge O'Kelley's careful reading of all the words in section 1441(b), as it read before the 2011 amendment and as applicable here.  Section 1441(b) provided that a "[diversity] action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  When functioning as a pronoun, which "none" does in section 1441(b), it means "not any."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1536 (3d ed. 1986).  "Any," in turn, means "one or more indiscriminately from all those of a kind."  *Id.* at 97.[4] Inherent in the definition is some number of the "kind" from which the "one or more" can be drawn.  Accordingly, the use of

---

[4]  Similarly, WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed. 1959) ("WEBSTER'S SECOND") defined "any," when used as a pronoun, to mean "[a]ny or one indiscriminately from all those of a kind implied in the context or expressed with a partitive of."  *Id.* at 121. THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1196 (4th ed. 2000) ("AMERICAN HERITAGE DICTIONARY") and the OXFORD AMERICAN DICTIONARY (1980) do not specify that "any" when used as a pronoun means drawing from some quantity of a kind, but in contrast to both editions of WEBSTER'S, they also do not specifically consider the use of "any" followed by the partitive "of."
   The use of "any" as an adjective is discussed in footnote 7, *infra*.

"none" and definite article "the" when referring to "parties"
assumes that there is one or more party in interest that has been
properly joined and served already at the time of removal, among
which may or may not be a forum-state defendant.   Thus,
section 1441(b) conditioned removal on *some* defendant having been
served.

The amendments to section 1441(b) do not change the
statute's plain meaning in this respect.   In its current form,
section 1441(b)(2) precludes removal "if any of the parties in
interest properly joined and served as defendants" is a forum
defendant.   True, the statute as amended places this language in
an exception to removal, rather than a requirement for removal.
But that does not change the fact that the statute assumes at
least one party has been served; ignoring that assumption would
render a court's analysis under the exception nonsensical and the
statute's use of "any" superfluous.   This would be contrary to
the cardinal rule of statutory construction that "[a]ll words and
provisions of statutes are intended to have meaning and are to be
given effect, and no construction should be adopted which would
render statutory words or phrases meaningless, redundant or
superfluous."   *United States* v. *Ven-Fuel, Inc.*, 758 F.2d 741,
751-52 (1st Cir. 1985).   Thus the lack of a party properly joined
and served does not mean an "exception" to removal is
inapplicable, but rather means that an even more basic assumption

11

embedded in the statute--that a party in interest had been served prior to removal--has not been met.

I might stop here, given my obligation to apply the plain meaning of the language of the statute, *Dep't of Hous. & Urban Dev. v. Rucker*, 535 U.S. 125, 132 (2002), absent absurd results, which are not present here, *Gen. Motors Corp. v. Darling's*, 444 F.3d 98, 108 (1st Cir. 2006).  Nevertheless, for completeness of explanation, I will detail the history and purpose of removal-- including section 1441(b) specifically--which I find provide further support for my reading of the text of the statute.

   *3.   History and Purpose of Removal*

The removal doctrine has been incorporated in federal court jurisprudence since the Judiciary Act of 1789.  *See* Judiciary Act of 1789 § 12, 1 Stat. 72, 79-80 (1789).  The removal power, and by extension the forum defendant rule, is founded on the basic premise behind diversity jurisdiction itself, the roots of which were described in the Federalist Papers.  *See* THE FEDERALIST NO. 80 (Alexander Hamilton).  Diversity jurisdiction was designed to protect non-forum litigants from possible state court bias in favor of forum-state litigants.  *See Guar. Trust Co. v. York*, 326 U.S. 99, 111 (1945); *see also* Henry J. Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 HARV. L. REV. 483 n.4 (1928) ("It is true, of course, that [Hamilton's] explanation of

12

diversity jurisdiction on the basis of local prejudice has been written into the Constitution by judicial decision.").

The removal power serves this purpose by giving a non-forum defendant the ability to seek the protection of the federal court against any perceived local bias in the state court chosen by the plaintiff.  But the protection-from-bias rationale behind the removal power evaporates when the defendant seeking removal is a citizen of the forum state.  Thus, the forum defendant rule provides some measure of protection for a plaintiff's choice of forum, when the overarching concerns about local bias against the defendant underlying the removal power are not present, by allowing a plaintiff to move for a remand of the case to the state court if he chooses.[5]  *Lively*, 456 F.3d at 940.

The "properly joined and served" limitation in § 1441(b) is a more recent development, added to the removal statute by Congress in 1948.  28 U.S.C. § 1441(b) (1948).  Courts have generally recognized that the legislative history of the 1948 revision provides no explanation for the inclusion of the "properly joined and served" language.  *See, e.g.*, *Sullivan*, 575 F. Supp. 2d at 644.[6]  A review of the Supreme Court jurisprudence

---

[5]  Because the forum defendant rule is procedural, it may be waived by the plaintiff.  *See* 28 U.S.C. § 1447(c) (providing that a motion to remand based on the forum defendant rule "must be made within 30 days after the filing of the notice of removal").

[6]  Judge Debevoise was unable to find any explanation in three Circuit libraries after an exhaustive search:

at the time of the 1948 revision, however, suggests the purpose of the "properly joined and served" language was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant; incomplete service appears to have been included as a means of identifying and policing such abuse by proxy.

In *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), the Supreme Court affirmed the then-established rule that in a multi-defendant case, a non-forum defendant could not remove the action to federal court if one of the other defendants was a citizen of the forum.  *Id.* at 540-41.  The Court noted in dicta that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant," but

---

The court has conducted a thorough examination of the published legislative history regarding the 1948 changes to Title 28, including review of all legislative materials available in the Third Circuit libraries in Newark and Philadelphia and the DC Circuit library in Washington.  The court has been able to locate neither a specific statement from Congress nor from the advisory Committee on Revision of the Judicial Code (the "Committee"), regarding the addition of the "properly joined and served" language.  *See* 28 U.S.C. § 1441 (1948) reviser's notes; H.R. Rep. No. 80-308 (1947), *as reprinted in* 1948 U.S.C.C.S., Special Pamphlet: Title 28 at 1692; S. Rep. No. 80-1559 (1948), *as reprinted in* 1948 U.S.C.C.S. Special Pamphlet: Title 28, 1675; Letter from Hon. Albert B. Maris, Circuit Judge, United States Court of Appeals for the Third Circuit, and Chair of the Committee, to Mildrim Thompson, Jr., Esq. (May 10, 1946).

*Sullivan* v. *Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008).

recognized that this created an incentive for gamesmanship by plaintiffs.  *Id.* at 541 ("It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served.").  To solve that problem, the Supreme Court noted, "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Id.*

*Pullman* suggests that a problem courts had identified with the removal power was gamesmanship by plaintiffs in the joinder of forum defendants whom plaintiffs ultimately did not intend to pursue.  That the Supreme Court was discussing the problem of improper or fraudulent joinder before the 1948 legislation further suggests that improper joinder was the focus of Congress when it added the "properly joined and served" language to the removal statute.  *See Sullivan*, 575 F. Supp. 2d at 645 ("Congress appears to have added the language only to prevent the then-concrete and pervasive problem of improper joinder."); *see also Stan Winston Creatures, Inc.* v. *Toys "'R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.").

15

The relevant text of § 1441 has remained largely consistent
since 1948.  As noted above, *see* note 2, *supra*, Congress recently
amended section 1441 in the Federal Courts Jurisdiction and Venue
Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758
(2011).  However, no mention of the "properly joined and served"
language was made in the available legislative history of the
2011 Act, nor was the substantial disarray among the district
courts discussed.  *See* H.R. Rep. No. 112-10, at 11-16 (2011),
*reprinted in* 2011 U.S.C.C.A.N. 576, 580.[7]

---

[7]   The American Law Institute's FEDERAL JUDICIAL CODE REVISION
PROJECT ("ALI PROJECT") (2004), from which the 2011 Act was
derived, recognizes that the difference in approach, "whereby
unserved defendants are disregarded for purposes of the bar on
removal by a forum-state citizen, but not for purposes of the
rule of complete diversity, has been criticized as unfortunate."
*Id.* at 366 (citing 14B WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE
§ 3723, at 563-68 (1984) and MOORE'S FEDERAL PRACTICE
§ 107.14[2][c][ii], at 107-53 (3d ed. 1998) ("The better view is
that an unserved defendant's citizenship be considered when the
defendant's citizenship is clear.")).
    Despite that criticism, the ALI endorsed disregarding
unserved forum-state defendants for purposes of the bar on
removal.  The ALI viewed this practice as consistent with the
"rule of unanimity," whereby "all the defendants must join in the
application" for removal.  *Chicago, Rock Island & Pacific Railway
Co.* v. *Martin*, 178 U.S. 245, 248 (1900).  Unserved defendants are
excluded from the rule of unanimity because "[i]t would be
impractical, if not impossible, to require unserved defendants to
join in the notice of removal."  ALI PROJECT at 366 n.28.
    That said, the ALI proposed "broader language" than was
eventually adopted in the 2011 Act, preventing removal "if any
party properly joined or aligned as a defendant, who has been
served with process *or otherwise brought within the personal
jurisdiction of the State court*," is a citizen of the forum.  ALI
PROJECT at 333 (emphasis added).  The additional language was
designed "make[] it clear that the bar of removal is applicable"
not just when a forum defendant is served, but also "when the
relevant defending party is a defendant that has voluntarily

Congress' further silence when amending the statute in 2011, despite its presumed knowledge of the disparate interpretations of the district courts, also indicates that it intended no substantive change.  Even courts reading section 1441(b) differently than I have agree on this point.  *See, e.g.*, *Munchel* v. *Wyeth LLC*, No. 12-906-LPS, 2012 WL 4050072, at \*4 (D. Del. Sept. 11, 2012).

The reading of the plain language of section 1441(b) I have come to embrace is far more consistent with congressional purpose in 1948 and 2011, than the reading proposed by Elan.  Elan's reading of the "properly joined and served" language rewards a

---

appeared without being served with process . . . ."  *Id.* at 367. Even if that language had been adopted, it would not be relevant here because it was the non-forum defendant, Elan, that appeared to remove the case without first being served.

Although the ALI did not explicitly take a position on whether removal could be effected before service on any defendant, the proposed text might be read to allow such a practice.  Limiting removal based on "any [defendant] properly joined . . . who has been served," where "any" functions as an adjective, lends itself to the definition of "any" as "one, some, or all indiscriminately *of whatever quantity*."  Webster's Third New International Dictionary 97(3d ed. 1986) (emphasis added); *accord* Webster's Second at 121; American Heritage Dictionary at 81; Oxford American Dictionary at 35.  As discussed above, *see* note 4 *supra* and accompanying text, the use of "none" and "any" as pronouns in 1441(b) and 1441(b)(2), respectively, assumes some number of served defendants among which may or may not be a forum defendant.  The adjectival use of "any" in the ALI's proposed language, by contrast, does not build in the same assumption of drawing from some existing pool of served defendants, but rather makes an exception to removal based on forum defendants who have been served, among served defendants *of whatever quantity*-- including none.  Thus the conditional "if any [defendant] . . . has been served" leaves open the possibility that there is no defendant that has been served at the time of removal.

17

variation on the kind of gamesmanship the Supreme Court suggested in *Pullman* should be discouraged.   305 U.S. at 541.   After all, the game at issue--the determination of forum--is ordinarily decided by a sole entity "race" to the courthouse by plaintiffs. But here, the non-forum defendant has contrived and engaged in a different race--that of removing the case from the state court before service is effected.

That the legislative history of the statute is silent about the meaning of the "properly joined and served" language suggests Congress did not put it into the statute in order to incentivize defendants to race to a federal forum.   Of course, under modern procedural regimes and with modern technology, defendants-- particularly repeat defendants with the resources to monitor dockets throughout the country--now can win such a race because they can obtain notice of litigation before service is executed. *See Ethington*, 575 F. Supp. 2d at 857 (defendant corporation filed notice of removal one business day after suit had been filed, before it was possible for the plaintiffs to perfect service under New Jersey state court rules).   That is what happened here:   Gentile filed his suit on a Friday; by Tuesday, Elan had filed a notice of removal, beating Gentile's service processor by one day.

It is, as a practical matter, essentially impossible for the filing of a case and service of process to occur simultaneously

18

because of the realities of case management and service in the
state courts.  In order to perfect service in Massachusetts, a
plaintiff must deliver a copy of the complaint and a summons to
one of a select number of people who are authorized under
Massachusetts rules to serve defendants.  Mass. R. Civ. P. 4(a).
The summons must be signed by the clerk, and then delivered
alongside a copy of the complaint to the defendant "by a sheriff,
by his deputy, or by a special sheriff; by any other person duly
authorized by law; [or] by some person specially appointed by the
court for that purpose."  *Id.* 4(c).  The rules necessarily assume
that the filing of the suit will occur before service; it is also
inevitable that there is will be some delay between the filing
and service.

In some states, the state procedural rules themselves make
it impossible for simultaneous filing and service to occur.  New
Jersey Rule of Civil Procedure 4:5A-2, for example, requires that
a plaintiff obtain a "Track Assignment Notice" number from the
clerk's office before serving process on a defendant.  N.J. R.
Civ. P. 4:5A-2.  The rule contemplates that the number will be
mailed to the plaintiff within ten days after the filing of the
complaint, *id.*, thus mandating a delay between filing and
service.  *See Ethington*, 575 F. Supp. 2d at 857 ("Critically, it
would have been virtually impossible for the Ethingtons to
perfect service of process in less than one business day, due to

19

the unique way New Jersey state courts process newly-filed complaints.").

Two other features of removal are worth noting briefly. When interpreting the time limit for removal under 28 U.S.C. § 1446(b) in *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court reaffirmed the "historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." *Id.* at 353.  Similarly, unserved defendants are excepted from the "rule of unanimity," as discussed in note 7, *supra*.  Although neither feature dictates my reading, both reflect the assumption--perhaps outdated--that notice and service of process are co-extensive, and more importantly are consistent with my reading of the plain language of section 1441(b), under which removal is improper until *some* defendant is "brought under [the] court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347.

    *4.  Summary*

    Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal.  Under the reading I have given to section 1441(b) here, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others.  If a plaintiff serves a non-forum defendant before

serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint.[8]  And, even when a forum defendant is served first, my reading anticipates a situation in which an unserved non-forum defendant may remove following service on a forum defendant, in hopes of arguing that joinder of the forum defendant was fraudulent.  This reading of the statute thus accommodates the clear congressional purpose animating section 1441(b)--preventing abuse by plaintiffs in forum selection--while also closing an unintended loophole incentivizing parallel abuse by defendants seeking to escape a state forum in which a co-defendant is a citizen, all without doing violence to the plain language of the statute.

### IV.  CONCLUSION

For the reasons set forth more fully above, Gentile's motion (Dkt. No. 10) and supplemental motion (Dkt. No. 26) to remand are on reconsideration GRANTED.  This case shall be REMANDED to Middlesex Superior Court, where it was originally filed.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[8]  I note Gentile followed the order I have concluded would be sufficient to prevent removal in this case, by first serving forum defendant Biogen and then serving non-forum defendant Elan the next day.